UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **03 - 62175**
Magistrate Judge:

## CIV-ZLOCH

MAGISTRATE JUDGE
SNOW

A.R., individually and as parent and
guardian of J.R., a minor boy

**Plaintiffs**

v.

SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA; CITY OF
POMPANO BEACH and JONATHAN
BRYANT

**Defendants**

# C O M P L A I N T

Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy, sues the

Defendants, SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, hereinafter referred to as

"SCHOOL BOARD", CITY OF POMPANO BEACH, hereinafter referred to as "POMPANO" and

JONATHAN BRYANT, hereinafter referred to as "BRYANT" and states as follows:

1.    J.R., a minor boy, is a resident of Broward County, Florida and is not *sui juris* by

virtue of his minority.

2.    Plaintiff, A.R., individually and as guardian and parent of J.R., is a resident of

Broward County, Florida, and is over the age of 18 and is otherwise *sui juris*.

3.    Defendant, SCHOOL BOARD OF BROWARD COUNTY, Florida (hereinafter

"SCHOOL BOARD"), is a political subdivision or agency of Broward County,

1



Florida.   The SCHOOL BOARD operated and maintains the MARKHAM ELEMENTARY SCHOOL (hereinafter "MARKHAM") in the CITY OF POMPANO BEACH, Broward County, Florida, at all times material hereto.

4.      Defendant, CITY OF POMPANO BEACH (hereinafter "POMPANO"), is a political subdivision and municipality in Broward County, Florida, at all times material hereto.

5.      Defendant, JONATHAN BRYANT (hereinafter "BRYANT"), is a resident of Broward County, and is over the age of 18 and is otherwise *sui juris*.

6.      The Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 and 20 U.S.C. §1681(a).

7.      The Court has venue of this action under 28 U.S.C. §1391, as the Defendants reside or perform services in Broward County, and a substantial part of the events and omissions giving rise to the claim occurred in Broward County.

## FACTUAL ALLEGATIONS

8.      At the end of the 2000-2001 school year at Markham Elementary School, the SCHOOL BOARD and POMPANO began their summer school and after-school programs at MARKHAM, located in the CITY OF POMPANO, County of Broward, State of Florida..

9.      The SCHOOL BOARD contracted with or permitted POMPANO to manage, operate or run the summer after-school program at MARKHAM ELEMENTARY SCHOOL.

10.     That during the school year of 2000-2001, A.R., the mother of J.R., inquired from employees of Broward County Schools working at MARKHAM ELEMENTARY

2

SCHOOL as to the availability of summer programs to which J.R. could attend.

11.    That the SCHOOL BOARD employees provided material and information regarding the summer school programs operated by the CITY OF POMPANO located on the SCHOOL BOARD'S property at MARKHAM ELEMENTARY SCHOOL.

12.    That the SCHOOL BOARD either contracted with or permitted the Defendant, POMPANO, to operate and run the summer programs on the SCHOOL BOARD'S property.

13.    That Defendant, POMPANO, operated its summer program concurrently using both the outdoor facilities and indoor facilities of MARKHAM with the knowledge and consent of the SCHOOL BOARD.

14.    That the Defendant, SCHOOL BOARD, provided their employees or volunteer workers to the Defendant, POMPANO, to operate the program.

15.    That POMPANO provided employees or volunteer workers to run the program.

16.    That Defendant, JONATHAN BRYANT, was a voluntary worker who had worked for the Defendant, POMPANO and SCHOOL BOARD, at all times material hereto.

17.    That A.R. paid sums of money to the Defendant, POMPANO, to have J.R. placed in the summer program at MARKHAM.

18.    That at all times material hereto the Defendants, POMPANO and SCHOOL BOARD, used BRYANT as a voluntary worker who supervised J.R.

19.    That at all times material hereto, the Defendants, POMPANO and SCHOOL BOARD, placed J.R. under the supervision care, custody and control of BRYANT and other voluntary and paid workers provided by the Defendants, POMPANO and

3

SCHOOL.

20.     That at no time did any of the Defendants do any background investigation of BRYANT prior to placing J.R. under MR. BRYANT'S supervision, care, custody and control.

21.     That at no time did any of the Defendants do any background investigation of any of the employees, paid workers or volunteers to the summer program.

22.     At no time did any of the Defendants interview or question BRYANT as to his qualifications, motivations, interests or background prior to placing J.R. under MR. BRYANT'S supervision, care, custody and control.

23.     That none of the employees or voluntary workers of the Defendants ever received any training prior to or while employed at any of the Defendants programs.  Further, they were not provided any manuals, handbooks or other material instructing them how to be observant of potential sexual abuse for minors under their supervision care, custody and control.   Additionally, none of the Defendants gave instruction or training whatsoever regarding pedophilia, pedophile, profiling how to protect the children intrusted to their care from abuse by a pedophile or how to respond when witnessing an incident of sexual abuse.

24.     That while at the program, the Defendants failed to properly supervise their employees and voluntary workers and thereby permitted the sexual abuse, assaults and battery upon the minor, J.R.

25.     That the Defendant, BRYANT, did on numerous occasions of the period of the summer program commit sexual abuses upon the minor, J.R., while on Defendant,

4

SCHOOL BOARD'S property and while other counselors were present and/or should have been present.

26.   As a result of BRYANT'S sexual abuse, J.R. has suffered and will continue to suffer severe emotional and behavioral problems.

27.   As a result of BRYANT'S sexual abuse, J.R. has had to undergo psychiatrist and for professional counseling and incur medical expenses and will in the future continue to incur medical expenses in the future.

28.   That the Defendant, BRYANT, did on numerous occasions over a long period of time prior to sexually molesting J.R., did molest other boys at the summer program under the care of the Defendants, POMPANO and SCHOOL BOARD.

29.   That the Plaintiff has satisfied all conditions precedent to the bringing of this action.

30.   That the Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorney's fees and costs.

### COUNT I
(Violation of 42 U.S.C. 1983 Policy, Practice or Custom
Causing Constitutional Harm - Against Defendant, SCHOOL BOARD)

31.   Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy realleges and restates each and every allegation contained in paragraph 1 through 30, as if fully set forth at length herein and would further state:

32.   The minor Plaintiff has a constitutional right not to be sexually abused while in the care of the Defendant, SCHOOL BOARD.

33.   The SCHOOL BOARD had an affirmative constitutional duty to protect the minor

5

Plaintiff from sexual abuse by one of its employees, agents or voluntary workers.

34.     Upon information and belief, Defendant, SCHOOL BOARD, had a longstanding practice or custom to avoid and ignore and to improperly care for children.

35.     The SCHOOL BOARD established a policy, practice or custom, of not screening or investigating the background of volunteer applicants, of being non-response to complaints of sexual abuse, of being non-response to actual observations of sexual abuse and of being non-response to the Defendant, BRYANT, taking multiple children into the bathroom to commit sexual abuse upon the children while he was supervising or caring for said children within the program and not supervising the volunteer workers in its program.

36.     That this policy, practice or custom is reflected by the SCHOOL BOARD'S gross failure and deliberate indifference, which constituted a breach of said constitutional duty to investigate and prevent numerous attacks on numerous children at the program, including the Defendant's failure to question BRYANT concerning his activities  and behavior with multiple children.

37.     That the Defendant, SCHOOL BOARD:

            .     failed to interview the children regarding BRYANT'S activities with numerous children.

            .     failed to question any personnel, co-workers or co-volunteers at the program.

            .     failed to impose any restrictions or volunteer workers taking children into the bathrooms.

6

.     failed to remove BRYANT from contact and supervision with the children at the program.

.     failed to restrict BRYANT'S access and contact with the children.

.     failed to conduct a background check after BRYANT'S prior sexual abuse with other minor children.

38.    That this policy, practice or custom was established with reckless indifference to the consequences to the children and their constitutional rights.

39.    That this policy, practice or custom fostered a climate which facilitated sexual abuse of multiple children, including specifically sexual abuse upon the minor Plaintiff by an unscreened and unsupervised volunteer in the program.

40.    That the SCHOOL BOARD had no policy regarding the reporting of suspected incidents of sexual abuse of students.  That the SCHOOL BOARD had never instructed its employees in the techniques of recognizing the warning signs of suspected sexual abuse of students.  That the SCHOOL BOARD had never provided its staff with guidelines for dealing with such suspicions of sexual abuse.  That the SCHOOL BOARD never properly trained the employees in preventing and avoiding improper conduct by other employees that was so obvious as to create dangerous situation for students and has led to the sexual abuse of students.

41.    As a direct and proximate result of the SCHOOL BOARDS policy practice or custom the Plaintiff, J.R., was sexually abused and had numerous acts of sexual abuse committed upon him, which have caused him to suffer damages.

WHEREFORE, the Plaintiff, A.R., individually and as parent and guardian of J.R., a minor

7

boy, demands judgment for compensatory damages, attorney fees and costs pursuant to 42 U.S.C.

§1983, demands trial by jury of all issues triable of as of right by jury, along with such other and

further relief as this Court deems just and proper.

### COUNT II
(Violation of 42 U.S.C. 1983 - Deficient Hiring and Training Practices and
Supervision Causing Constitutional Harm - Against Defendant, SCHOOL BOARD)

42.     Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy realleges

and restates each and every allegation contained in paragraph 1 through 30, as if fully

set forth at length herein and would further state:

43.     The SCHOOL BOARD'S hiring practices with regard to volunteers was inadequate

because there was no screening or background investigation whatsoever, enabling the

Defendant, BRYANT, open and free access to children.  In particular, the SCHOOL

BOARD failed to:

.       conduct any criminal background check of BYRANT.

.       check BRYANT'S employment history.

.       request or check BRYANT'S personal references.

.       verify his current and prior addresses.

44.     The SCHOOL BOARD'S training practices with respect to obvious attacks of sexual

abuse were wholly inadequate.  In particular, the SCHOOL BOARD failed to:

.       advise or inform personnel in contact with the children, including

teachers, teachers aids and teachers assistants, how to detect and

prevent obvious behavior that would lead to sexual abuse to minor

children.

8

> . observe and prevent attacks of sexual abuse or an observed incident of sexual abuse upon minor children by adults employing, working or volunteering around children.
>
> . observe and prevent actions which have had led to numerous action of children being sexually abused over a long period of time by workers, employees or volunteers.

45. The SCHOOL BOARD, further failed to:

> . advise or inform administrative and support personnel how to respond to a complaint of sexual abuse.
>
> . issue manuals, handbooks, flyers or other materials to be used as guides and aides to help prevent and discover attacks and sexual abuse upon minor children under their care and supervision.
>
> . conduct seminars or otherwise sponsor appropriate training sessions or classes to aid in the prevention and detection of attacks and sexual abuse inflicted upon minor children under their care and supervision.

46. The SCHOOL BOARD'S supervision practices with respect to obvious sexual attacks upon students were wholly inadequate and amounted to deliberate indifference to prevent the sexual abuse of the students and more particularly the minor, J.R. Further, that the SCHOOL BOARD had no policy regarding the reporting of suspected incidents of sexual abuse of students. That the SCHOOL BOARD had never instructed its employees in the techniques of recognizing the warning signs of suspected sexual abuse of students. That the SCHOOL BOARD

9

had never provided its staff with guidelines for dealing with such suspicions of sexual abuse. That the SCHOOL BOARD never properly trained the employees in preventing and avoiding improper conduct by other employees that was so obvious as to create dangerous situation for students and has led to the sexual abuse of students.

47.     As a result, classroom, support and administrative personnel were untrained and had no idea how to (a) observe and supervise unscreened persons in the classrooms, bathrooms, cafeteria or play grounds on school grounds; (b) to observe and investigate unusual contact and behavior by its employee or voluntary workers in taking minor children alone into the bathrooms and locking said students into the bathroom stalls with the voluntary worker; (c) investigate unusual behavior of its employees and voluntary workers regarding taking multiple children alone into a bathroom to commit sexual abuse upon said children over a long period of time; (d) take remedial action in response to knowing or reasonably should have known that its employees or voluntary workers were committing unusual behavior of taking multiple students alone into a bathroom to commit sexual abuse upon children over a long period of time; (e) take remedial action in response to observing an act of sexual abuse; or (f) take remedial action to prevent continued and numerous acts of sexual abuse upon numerous children by the Defendant over a long period of time.

48.     Based on the foregoing, the SCHOOL BOARD was deliberately indifferent to the rights of others, particularly vulnerable children, in adopting its hiring and training and supervision practices.

49. The SCHOOL BOARD'S failure to train and supervise classroom, support and administrative personnel reflects a deliberate or conscious choice.

50. The foregoing deficiency in the SCHOOL BOARD'S hiring and training practices and supervision of employees, workers and volunteers caused J.R. to be sexually abused by BRYANT and have multiple acts of sexual abuse committed upon him, causing damages to J.R.

51. As a direct and proximate result of the SCHOOL BOARDS policy practice or custom the Plaintiff, J.R., was sexually abused and had numerous acts of sexual abuse committed upon him, which have caused him to suffer damages.

WHEREFORE, Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy, demand compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.A.C. §1988 and such other and further relief as this Court deems just and proper.

## COUNT III
(Violation of Title IX, Education Amendments of
1972 - 20 U.S.C. §1681 et seq. - Against Defendant, SCHOOL BOARD)

52. Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy realleges and restates each and every allegation contained in paragraph 1 through 30, as if fully set forth at length herein and would further state:

53. At all relevant times, the education program or activity at MARKHAM received federal financial assistance.

54. J.R. had a right to not be subject to sexual harassment or abuse while he participated in that education program or activity.

11

55.     The SCHOOL BOARD knew or should reasonably have known of the violation of rights as a result of the numerous acts upon numerous children over a long period of time.

56.     The SCHOOL BOARD'S decision to allow JONATHAN BRYANT onto the SCHOOL BOARD'S property after they knew or should reasonable have known that Defendant, BRYANT, was committing sexual abuse upon children at MARKHAM and more particularly upon the minor, J.R., was a official decision to ignore the danger of sexual abuse upon the Plaintiff and other children.

57.     Despite this notice, MARKHAM ELEMENTARY and the SCHOOL BOARD acted with deliberate indifference in failing to take any action to terminate or suspend BRYANT'S employment, supervision of children or to otherwise restrict his access to vulnerable children.

58.     As a result of this inaction, J.R., was sexually abused and acts of sexual abuse were committed in J.R.'S presence by BRYANT.

59.     J.R. has suffered damages as a result of Defendants actual notice of BRYANT'S pedophilia and its inaction in response.

WHEREFORE, Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy, demand compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.A.C. §1988 and such other and further relief as this Court deems just and proper.

## COUNT IV
(Violation of 42 U.S.C. 1983 Policy, Practice or Custom
Causing Constitutional Harm - Against Defendant, CITY OF POMPANO BEACH)

60.     Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy realleges

12

and restates each and every allegation contained in paragraph 1 through 30, as if fully set forth at length herein and would further state:

61.   The minor Plaintiff has a constitutional right not to be sexually abused while in the care of the Defendant, POMPANO.

62.   The POMPANO had an affirmative constitutional duty to protect the minor Plaintiff from sexual abuse by one of its employees, agents or voluntary workers.

63.   Upon information and belief, Defendant, POMPANO, had a longstanding practice or custom to avoid and ignore and to improperly care for children.

64.   That POMPANO established a policy, practice or custom, of not screening or investigating the background of volunteer applicants, of being non-response to complaints of sexual abuse, of being non-response to actual observations of sexual abuse and of being non-response to the Defendant, BRYANT, taking multiple children into the bathroom to commit sexual abuse upon the children while he was supervising or caring for said children within the program and not supervising the volunteer workers in its program.

65.   That this policy, practice or custom is reflected by the POMPANO'S gross failure and deliberate indifference, which constituted a breach of said constitutional duty to investigate and prevent numerous attacks on numerous children at the program, including the Defendant's failure to question BRYANT concerning his activities and behavior with multiple children.

66.   That the Defendant, POMPANO:

           .   failed to interview the children regarding BRYANT'S activities with

13

numerous children.

- failed to question any personnel, co-workers or co-volunteers at the program.

- failed to impose any restrictions or volunteer workers taking children into the bathrooms.

- failed to remove BRYANT from contact and supervision with the children at the program.

- failed to restrict BRYANT'S access and contact with the children.

- failed to conduct a background check after BRYANT'S prior sexual abuse with other minor children.

67.    That this policy, practice or custom was established with reckless indifference to the consequences to the children and their constitutional rights.

68.    That this policy, practice or custom fostered a climate which facilitated sexual abuse of multiple children, including specifically sexual abuse upon the minor Plaintiff by an unscreened and unsupervised volunteer in the program.

69.    That POMPANO had no policy regarding the reporting of suspected incidents of sexual abuse of students. That POMPANO had never instructed its employees in the techniques of recognizing the warning signs of suspected sexual abuse of students. That POMPANO had never provided its staff with guidelines for dealing with such suspicions of sexual abuse. That POMPANO never properly trained the employees in preventing and avoiding improper conduct by other employees that was so obvious as to create dangerous situation for students and has led to the sexual abuse of

14

students.

70.     As a direct and proximate result of POMPANO'S policy practice or custom the Plaintiff, J.R., was sexually abused and had numerous acts of sexual abuse committed upon him, which have caused him to suffer damages.

WHEREFORE, the Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy, demands judgment for compensatory damages, attorney fees and costs pursuant to 42 U.S.C. §1983, demands trial by jury of all issues triable of as of right by jury, along with such other and further relief as this Court deems just and proper.

### COUNT V
(Violation of 42 U.S.C. 1983 - Deficient Hiring and Training Practices and Supervision Causing Constitutional Harm - Against Defendant, CITY OF POMPANO BEACH)

71.     Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy realleges and restates each and every allegation contained in paragraph 1 through 30 as if fully set forth at length herein and would further state:

72.     The CITY OF POMPANO BEACH'S hiring practices with regard to volunteers was inadequate because there was no screening or background investigation whatsoever, enabling the Defendant, BRYANT, open and free access to children.  In particular, POMPANO failed to:

        .     conduct any criminal background check of BYRANT.

        .     check BRYANT'S employment history.

        .     request or check BRYANT'S personal references.

        .     verify his current and prior addresses.

73.     POMPANO'S training practices with respect to obvious attacks of sexual abuse were

wholly inadequate.  In particular, POMPANO failed to:

.     advise or inform personnel in contact with the children, including

teachers, teachers aids and teachers assistants, how to detect and

prevent obvious behavior that would lead to sexual abuse to minor

children.

.     observe and prevent attacks of sexual abuse or an observed incident

of sexual abuse upon minor children by adults employing, working or

volunteering around children.

.     observe and prevent actions which have had led to numerous action

of children being sexually abused over a long period of time by

workers, employees or volunteers.

74.     That POMPANO further failed to:

.     advise or inform administrative and support personnel how to respond

to a complaint of sexual abuse.

.     issue manuals, handbooks, flyers or other materials to be used as

guides and aides to help prevent and discover attacks and sexual

abuse upon minor children under their care and supervision.

.     conduct seminars or otherwise sponsor appropriate training sessions

or classes to aid in the prevention and detection of attacks and sexual

abuse inflicted upon minor children under their care and supervision.

75.     That POMPANO'S supervision practices with respect to obvious sexual attacks upon

16

students were wholly inadequate and amounted to deliberate indifference to prevent the sexual abuse of the students and more particularly the minor, J.R. Further, that POMPANO had no policy regarding the reporting of suspected incidents of sexual abuse of students. That POMPANO had never instructed its employees in the techniques of recognizing the warning signs of suspected sexual abuse of students. That POMPANO had never provided its staff with guidelines for dealing with such suspicions of sexual abuse. That POMPANO never properly trained the employees in preventing and avoiding improper conduct by other employees that was so obvious as to create dangerous situation for students and has led to the sexual abuse of students.

76.   As a result, classroom, support and administrative personnel were untrained and had no idea how to (a) observe and supervise unscreened persons in the classrooms, bathrooms, cafeteria or play grounds on school grounds; (b) to observe and investigate unusual contact and behavior by its employee or voluntary workers in taking minor children alone into the bathrooms and locking said students into the bathroom stalls with the voluntary worker; (c) investigate unusual behavior of its employees and voluntary workers regarding taking multiple children alone into a bathroom to commit sexual abuse upon said children over a long period of time; (d) take remedial action in response to knowing or reasonably should have known that its employees or voluntary workers were committing unusual behavior of taking multiple students alone into a bathroom to commit sexual abuse upon children over a long period of time; (e) take remedial action in response to observing an act of

sexual abuse; or (f) take remedial action to prevent continued and numerous acts of sexual abuse upon numerous children by the Defendant over a long period of time.

77. Based on the foregoing, POMPANO was deliberately indifferent to the rights of others, particularly vulnerable children, in adopting its hiring and training and supervising practices.

78. That POMPANO'S failure to train and supervise classroom, support and administrative personnel reflects a deliberate or conscious choice.

79. The foregoing deficiency in POMPANO'S hiring and training practices and supervision of employees, workers and volunteers caused J.R. to be sexually abused by BRYANT and have multiple acts of sexual abuse committed upon him, causing damages to J.R.

80. As a direct and proximate result of POMPANO'S policy practice or custom the Plaintiff, J.R., was sexually abused and had numerous acts of sexual abuse committed upon him, which have caused him to suffer damages.

WHEREFORE, Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy, demand compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.A.C. §1988 and such other and further relief as this Court deems just and proper.

### **COUNT VI**
(Violation of Title IX, Education Amendments of
1972 - 20 U.S.C. §1681 et seq. - Against Defendant, CITY OF POMPANO BEACH)

81. Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy realleges and restates each and every allegation contained in paragraph 1 through 30, as if fully

set forth at length herein and would further state:

82.   At all relevant times, the education program or activity at MARKHAM received federal financial assistance.

83.   J.R. had a right to not be subject to sexual harassment or abuse while he participated in that education program or activity.

84.   POMPANO knew or should have reasonably known of the violation of rights as a result of the numerous acts upon numerous children over a long period of time.

85.   POMPANO'S decision to allow JONATHAN BRYANT onto the SCHOOL BOARD'S property after they knew or should reasonable have known that Defendant, BRYANT, was committing sexual abuse upon children at MARKHAM and more particularly upon the minor, J.R., was a official decision to ignore the danger of sexual abuse upon the Plaintiff and other children.

86.   Despite this notice, MARKHAM ELEMENTARY and POMPANO acted with deliberate indifference in failing to take any action to terminate or suspend BRYANT'S employment, supervision of children or to otherwise restrict his access to vulnerable children.

87.   As a result of this inaction, J.R., was sexually abused and acts of sexual abuse were committed in J.R.'S presence by BRYANT.

88.   J.R. has suffered damages as a result of Defendants actual notice of BRYANT'S pedophilia and its inaction in response.

WHEREFORE, Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy, demand compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.A.C.

§1988 and such other and further relief as this Court deems just and proper.

## COUNT VII
### (Against JONATHAN BRYANT)

89.    Plaintiff, E.V., individually and as parent and guardian of M.J., a minor boy realleges and restates each and every allegation contained in paragraph 1 through 30, as if fully set forth at length herein and would further state:

90.    That at all time material hereto, Defendant, JONATHAN BRYANT, on or about the summer of 2000 through and until February 2001, was a volunteer or was allowed to assist during the after care programs operated by the Y.M.C.A. or the CITY OF POMPANO BEACH at MARKHAM ELEMENTARY SCHOOL in the City of Pompano Beach, County of Broward, State of Florida.

91.    That during these time periods Defendant, JONATHAN BRYANT, sexually abused, molested, attacked, assaulted and battered Plaintiff, M.J., a minor child.

92.    As a result of BRYANT'S sexual abuse, M.J. has suffered and will continue to suffer severe emotional and behavioral problems.

93.    As a result of BRYANT'S sexual abuse, M.J. has had to undergo psychiatrist and for professional counseling and incur medical expenses and will in the future continue to incur medical expenses in the future.

94.    That the Defendant, BRYANT, did on numerous occasions over a long period of time prior to sexually molesting M.J., did molest other boys at the summer program under the care of the Defendants, YMCA, POMPANO and SCHOOL BOARD.

95.    That the Plaintiff has satisfied all conditions precedent to the bringing of this action.

WHEREFORE, the Plaintiff, E.V., individually and as parent and guardian of M.J., a minor boy, demands judgment for damages against the Defendant, together with costs and demands trial by jury of all issues triable of as of right by jury.

## COUNT VIII
### (Loss of Consortium - Against All Defendants)

96.    Plaintiff, A.R., individually and as parent and guardian of J.R., a minor boy realleges and restates each and every allegation contained in paragraph 1 through 30, as if fully set forth at length herein and would further state:

97.    As a result of Defendant's violation of J.R.'S constitutional rights, Plaintiff, A.R., has suffered and will suffer damages, including without limitation, care and treatment of the child, mental anguish and loss of companionship, contribution, society, affection and comfort.

WHEREFORE, Plaintiff, A.R., individually demands compensatory damages, attorneys fees and costs pursuant to 42 U.S.C. §1988 and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury and all issues so triable as a matter of right.

Dated this ___ day of ___ , 2003.

RICHARD PERLINI, PA
Attorney at Law

110 S.E. 6th Street, Suite 1920
Ft. Lauderdale, FL 33301
(954) 667-6767
(954) 667-6627 (Fax)
Florida Bar No. 201782

21

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

A.R., individually and as parent and guardian of J.R., a minor boy

**DEFENDANTS**

SCHOOL BOARD OF BROWARD COUNTY, FLORIDA; CITY OF POMPANO BEACH, and JONATHAN BRYANT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

CIV-ZLOCH

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

03 - 62175

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954/667-6767
Richard Perlini, Esq.
110 S.E. 6th Street, Suite 1920
Ft. Laud, FL 33301

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
SNOW

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:03 CV 62175 W/Snow

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1331  42 USC 1983
20 U.S.C. 1681
Sexual Molestation of a Minor

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE Highsmith   DOCKET NUMBER 02-61063-CV

DATE 12/2/03

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

52983   150

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE